IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 77,153-01






EX PARTE JOHN EDWARD COOPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-1021503-R IN THE 265TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
theft of metals and sentenced to two years' imprisonment. 

 Applicant contends Texas prison officials are not correctly applying pre-sentence jail-time credit to his sentence. The dates of the credits to be awarded are listed on the judgment
of conviction. There is no response in the record from prison officials, and Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex.
Crim. App. 2004). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice to file an affidavit
addressing Applicant's time-credit claim. The trial court may also order depositions,
interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant
is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04.

 The trial court shall make findings of fact as to whether Applicant is receiving credit
on his sentence for the pre-sentence jail-time awarded in the judgment. The trial court shall
also make any other findings of fact that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: March 7, 2012

Do not publish